IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 17-41 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) |
| C. O. CLAFLIN, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Omar Rodriguez ("Plaintiff"), a former inmate at the State Correctional Institution at Pittsburgh ("SCI Pittsburgh"), has presented a civil rights complaint, which he has been granted leave to prosecute without prepayment of costs, alleging that Defendant C.O. Claflin ("Defendant") assaulted him on December 9, 2016, while Plaintiff was incarcerated at SCI Pittsburgh in violation of his right against cruel and unusual punishment provided by the Eighth Amendment to the United States Constitution. ECF No. 5.

Plaintiff's Complaint was filed on January 26, 2017, and on April 3, 2017, Defendant filed a Motion for Leave to file a Motion for Summary Judgment solely with respect to the issue of whether Plaintiff exhausted his administrative remedies. ECF Nos. 5, 18. On April 4, 2017, Plaintiff was then directed to file a response to Defendant's request to file a Motion for Summary Judgment and to do so on or before April 18, 2017. Id. at 19. Plaintiff failed to file a response.

Notwithstanding the fact that the Court had not yet granted Defendant's Motion for Leave to file a Motion for Summary Judgment, Defendant, apparently in the absence of opposition by Plaintiff, nevertheless filed the Motion for Summary Judgment on April 18, 2017.

Id. at 21.  On April 27, 2017, the Court then issued two Orders: one granting Defendant's Motion for Leave to File a Motion for Summary Judgment, and another directing Plaintiff to respond to the Motion for Summary Judgment by May, 26, 2017.  ECF Nos. 25, 26.  Plaintiff again failed to file a response.

As such, on June 15, 2017, the Court issued an Order to Show Cause directing Plaintiff to show cause why he failed to respond to Defendant's Motion for Summary Judgment as ordered by the Court.  Id. at 27.  Plaintiff was advised that unless good cause was shown on or before July 7, 2017, the case would be dismissed.  Id.  To date, Plaintiff has failed to respond or show good cause for failing to respond to Defendant's Motion for Summary Judgment and has not otherwise responded to this Court's Orders.  In fact, the last time the Court has had any communication from Plaintiff was on March 9, 2017, when he informed the Court of a change of address.  ECF No. 17.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1)  The extent of the party's personal responsibility.
>
> (2)  The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3)  A history of dilatoriness.
>
> (4)  Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5)  The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6)  The meritoriousness of the claim or defense.

Consideration of these factors mandate that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed which weigh heavily against him. It is not only Plaintiff's sole responsibility to comply with court orders but he has failed to do so on three separate occasions. This, coupled with Plaintiff's failure to respond to any of the orders even at this juncture, suggests that Plaintiff's inaction is not only willful but constitutes a history of dilatoriness.

Similarly, factor No. 6 -- the meritoriousness of the claim -- weighs heavily against Plaintiff as it appears from the record that Plaintiff has failed to exhaust his administrative remedies as is required before Plaintiff may file a claim in federal court. 42 U.S.C. § 1997(e)(a). See Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004). See also ECF Nos. 21-24.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing a Motion for Summary Judgment, there appears to be no specific prejudice to Defendant other than general delay. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with three different court orders or otherwise communicate with the Court, thereby preventing this case from proceeding, indicates that Plaintiff has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek v. Rigatti, 964 F.2d at 1373. Accordingly, the following Order is entered:

## **ORDER**

AND NOW, this 14th day of July, 2017, IT IS HEREBY ORDERED that the Complaint filed in the above-captioned case, ECF No. 5, is DISMISSED with prejudice for

failure to prosecute.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,


/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE


cc: Omar Rodriguez
Renewal, Inc.
P.O. Box 295
Pittsburgh, PA 15230

All counsel of record via CM/ECF